UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| EVELYN PANNELL, | ) | Case No. |
| | ) | |
| Plaintiff, | ) | **COMPLAINT FOR DAMAGES** |
| | ) | **FOR VIOLATION OF THE FAIR** |
| v. | ) | **CREDIT REPORTING ACT, 15** |
| | ) | **U.S.C. § 1681,** *et seq.* |
| STATE FARM BANK, F.S.B., | ) | |
| | ) | **JURY TRIAL DEMANDED** |
| Defendant. | ) | |

Now comes the Plaintiff, EVELYN PANNELL ("Plaintiff"), by and through her attorneys, and for her Complaint against the Defendant, STATE FARM BANK, F.S.B. ("Defendant"), Plaintiff alleges and states as follows:

**PRELIMINARY STATEMENT**

1. The United States Congress has found abundant evidence that the banking system is dependent upon fair and accurate credit reporting. Inaccurate credit reports directly impair the efficiency of the banking system, and unfair credit reporting methods undermine the public confidence which is essential to the continued functioning of the banking system. An elaborate mechanism has been developed for investigating and evaluating the credit worthiness, credit standing, credit capacity, character, and general reputation of consumers. Congress wrote the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681, *et seq.*, to require procedures for meeting the needs of commerce for consumer credit, personnel, insurance, and other information in a manner which is fair and equitable to the consumer, with regard to the confidentiality, accuracy, relevancy, and proper utilization of such information.

2. Plaintiff brings this complaint to challenge the actions of Defendant with regard to Defendant's unauthorized and unlawful credit inquiry.

3. Plaintiff makes these allegations on information and belief, with the exception of those allegations that pertain to Plaintiff or her counsel, which Plaintiff alleges on personal knowledge.

4. While many violations are described below with specificity, this Complaint alleges violations of the statute cited in its entirety.

5. Any violation by Defendant was knowing, willful, and intentional, and Defendant did not maintain procedures reasonably adapted to avoid any such violation.

6. Unless otherwise indicated, the use of Defendant's name in this Complaint includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, representatives, and insurers of Defendant.

## JURISDICTION AND VENUE

7. This Court has federal question jurisdiction, pursuant to 28 U.S.C. § 1331, because this case arises out of violation of federal law, the FCRA, 15 U.S.C. § 1681, *et seq*.

8. Venue is proper in the United States District Court for the Northern District of Ohio pursuant to 28 U.S.C. § 1391(b)-(c) because Defendant is deemed to reside in any judicial district in which it is subject to personal jurisdiction at the time the action is commenced; Defendant's contacts with this District are sufficient to subject it to personal jurisdiction; and a substantial part of the events giving rise to Plaintiff's claims occurred in this District.

## PARTIES

9. Plaintiff is a natural person who resides in Streetsboro, Ohio, whose credit report was affected by an unauthorized inquiry.

10. Plaintiff is a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

11. On information and belief, Defendant is federal savings bank and/or federal savings association chartered under the laws of the United States, whose principal place of business is located in Bloomington, Illinois.

12. On information and belief, Defendant is a "person" as the term is defined by 15 U.S.C. § 1681a(b).

## STATUTORY BACKGROUND

13. The FCRA is a consumer protection statute which regulates the activities of credit reporting agencies and users of credit reports, and which provides certain rights to consumers affected by use of the information collected about them.

14. Congress designed the FCRA to preserve a consumer's right to privacy by safeguarding the confidentiality of the information maintained by the consumer reporting agencies.

15. Under the FCRA, 15 U.S.C. § 1681a(d)(1), the term "consumer report" means any written, oral, or other communication of any information by a consumer reporting agency bearing on a consumer's creditworthiness, credit standing, credit capacity, character, general reputation, personal characteristics, or mode of living, which is used or expected to be used or collected in whole or in part for the purpose of serving as a factor in the underwriting of credit transactions involving the consumer.

16. Congress has chosen to protect consumers' rights to privacy by prohibiting any release of consumer reports unless the release is for one of the permissible purposes listed in 15 U.S.C. § 1681b.

17. 15 U.S.C. § 1681b(f) in turn provides, "A person shall not use or obtain a consumer report for any purpose unless – (1) the consumer report is obtained for a purpose for which the consumer report is authorized to be furnished under this section…"

18. The permissible purposes listed in 1681b usually arise only in connection with transactions initiated by the consumer. *See* 15 U.S.C. § 1681b(a)(3)(A)-(F).

## FACTUAL ALLEGATIONS

19. On or about June 21, 2016, Defendant made an inquiry into Plaintiff's credit without Plaintiff's consent.

20. Plaintiff had never applied for any type of transaction with Defendant that would constitute a permissible purpose under the above-cited sections of the FCRA.

21. On or about September 9, 2017, Plaintiff accessed her TransUnion consumer credit report and found that an inquiry had been performed into Plaintiff's consumer credit report by Defendant, without her prior knowledge or consent.

22. The FCRA, 15 U.S.C. § 1681b, delineates the only permissible reasons for use of, or access to, consumer reports.

23. Defendant's inquiry into Plaintiff's consumer report information, without Plaintiff's consent, falls outside the scope of any permissible use or access included in 15 U.S.C. § 1681b.

24. By making an unauthorized consumer report inquiry regarding Plaintiff without her consent, Defendant violated 15 U.S.C. § 1681b, by using Plaintiff's consumer report for an impermissible use that falls outside the scope of 15 U.S.C. § 1681b.

25. Defendant's inquiry does not qualify as a "firm offer of credit" under the FCRA.

## COUNT I
## VIOLATION OF THE FAIR CREDIT REPORTING ACT

26. Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein.

27. The foregoing acts and omissions constitute numerous and multiple violations of the FCRA.

28. As a result of each and every negligent violation of the FCRA, Plaintiff is entitled to her actual damages suffered, pursuant to 15 U.S.C. § 1681o(a)(1), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1681o(a)(2), from Defendant.

29. As a result of each and every willful violation of the FCRA, Plaintiff is entitled to her actual damages suffered, or statutory damages of not less than $100 and not more than $1,000, pursuant to 15 U.S.C. § 1681n(a)(1)(A), such punitive damages as the court may allow, pursuant to 15 U.S.C. § 1681n(a)(2), and reasonable attorney's fees and costs, pursuant to 15 U.S.C. § 1681n(a)(3), from Defendant.

## PRAYER FOR RELIEF

Wherefore, Plaintiff, EVELYN PANNELL, respectfully prays this Honorable Court enter judgment against Defendant, STATE FARM BANK, F.S.B., as follows:

    a. An award of actual damages sustained by Plaintiff, pursuant to 15 U.S.C. § 1681o(a)(1);

    b. An award of statutory damages of $1,000.00 to Plaintiff for every violation of the FCRA, pursuant to 15 U.S.C. § 1681n(a)(1)(A);

    c. An award of punitive damages pursuant to 15 U.S.C. § 1681n(a)(2);

    d. An award of costs of litigation and reasonable attorney's fees, pursuant to 15 U.S.C. §§ 1681n(a)(3) and 1681o(a)(2); and,

    e. Any other relief the Court may deem just and proper.

## JURY DEMAND

Plaintiff demands a trial by jury on all issues in this action so triable, except for any issues relating to the amount of attorneys' fees and litigation costs to be awarded should Plaintiff prevail on any of her claims in this action.

RESPECTFULLY SUBMITTED,

EVELYN PANNELL

By: /s/ David B. Levin
Attorney for Plaintiff
Ohio Attorney No. 0059340
Law Offices of Todd M. Friedman, P.C.
333 Skokie Blvd., Suite 103
Northbrook, IL 60062
Phone: (224) 218-0882
Fax: (866) 633-0228
dlevin@toddflaw.com